UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER YEH,<br>    Plaintiff,<br>v.<br>ALEJANDRO MAYORKAS, et al.,<br>    Defendants. | Case No. 4:24-cv-00797-KAW<br><br>**ORDER DENYING AMENDED MOTION TO SEAL AND FILE UNDER A FICTITIOUS NAME**<br><br>Re: Dkt. No. 7 |

On February 22, 2024, Plaintiff Jennifer Yeh filed an amended motion to proceed under a fictitious name. (Mot., Dkt. No. 7.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion to proceed anonymously.

### I.    LEGAL STANDARD

Generally, "[p]laintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings… and [Federal Rule of Civil Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir.1990); quoting Fed. R. Civ. P. 10(a)).  Even so, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII,* 214 F.3d at 1067.  In this circuit, parties may use a pseudonym in the "unusual case" when "nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.*

1  at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)).

2  A party may proceed by pseudonym when their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.*" Does I thru XXIII*, 214 F.3d at 1068. When pseudonyms are used to shield the anonymous party from retaliation, "the district court should evaluate the following factors: (1) the severity of the threatened harm…; (2) the reasonableness of the anonymous party's fears…; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted.)

## II.  DISCUSSION

On February 9, 2024, Plaintiff Jennifer Yeh filed the initial complaint in this employment discrimination case. (Compl.,[1] Dkt. No. 1.) In sum, Plaintiff alleges that she was subjected to harassment and discrimination at the Federal Emergency Management Agency ("FEMA"), where she was employed as an attorney in the ADR Division. *See id.* Plaintiff also alleges that her supervisor, Defendant Robert Scott, "assaulted/physically intimidated [her] while telling her that she should not have documented… her allegations of discrimination." (Compl. ¶ 269.) Plaintiff also alleges that Defendant Vikram Kapoor engaged in gender- and race-based harassment. (*See* Compl. ¶¶ 82, 84, 87-92, 100.)

On February 22, 2024, Plaintiff filed an amended motion to proceed under a fictitious name. (Mot., Dkt. No. 7.) Therein, she requests that "the court seal Plaintiff's name (such that she can file anonymously under the name Jane Doe), her mailing address, email address, phone number, any other contact information, signature, any and all medical documentation regarding Plaintiff, and any and all financial information regarding Plaintiff for privacy and fear of harm issues." (Mot. at 2.) Plaintiff argues that revealing this information could do her "great harm given the private nature," since she "has alleged in this complaint to have been targeted, threatened, and stalked because of her protected categories (e.g. gender, race, national origin, color) and protected activities by some of the individuals named in the complaint." *Id.* Plaintiff hopes that anonymity would "minimize or eliminate contact by or with her harassers" and that she

---

[1] The Court notes that Plaintiff improperly filed the complaint under seal without filing an administrative motion to file under seal.

"has supporting documentation showing the harm to her health that harassment and hostile work environment has caused her." *Id.*

While the Court understands that Plaintiff fears for her personal safety, and that she may suffer professional repercussions from prosecuting this case, this does not arise to the special circumstances in which courts permit plaintiffs to proceed anonymous. *See Does I thru XXIII*, 214 F.3d at 1068 (collecting cases addressing were proceeding anonymous was appropriate). Indeed, employment discrimination cases frequently involve private information and may negatively affect the plaintiff's career prospects. While the behavior of Defendants Scott and Kapoor as alleged in the complaint are sufficient to state an employment discrimination claim under Title VII, Plaintiff has not made a showing of the severity of harm[2] that she may suffer from the disclosure of her identity nor that her fear is reasonable. Thus, she has not met her burden.

The people Plaintiff seems afraid of are the individual defendants as opposed to the public at large, so proceeding anonymous won't prevent any risk of harm from those defendants. To the extent that Plaintiff seeks to protect medical and financial information produced in connection with this lawsuit, however, a stipulated protective order that prevents the individual defendants from having such information (i.e., attorney's eyes only) can address those concerns. Plaintiff may also obtain a post office box and change her address on the complaint.

### III.   CONCLUSION

Accordingly, Plaintiff's motion to proceed anonymously is DENIED. Plaintiff is ordered to file an unsealed version of the complaint within 21 days of this order.

IT IS SO ORDERED.

Dated: April 22, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Plaintiff did not identify which allegations in her complaint form the basis of her fear, and the Court is not required to scour the 200-page complaint to determine whether there is a reasonable basis to fear for her safety, because "judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) (internal quotations omitted)).