UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER YEH,<br>    Plaintiff,<br>v.<br>ALEJANDRO MAYORKAS, et al.,<br>    Defendants. | Case No. 4:24-cv-00797-KAW<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REIMBURSEMENT OF COSTS RELATED TO SERVICE OF PROCESS**<br>Re: Dkt. No. 65 |

On November 14, 2024, Plaintiff Jennifer Yeh filed a motion for reimbursement of costs related to serving the individual defendants pursuant to Federal Rule of Civil Procedure 4(d)(2).

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Plaintiff's motion for reimbursement of costs related to service of process.

## I. BACKGROUND

On May 14, 2024, Plaintiff filed the first amended complaint. (First Am. Compl., "FAC," Dkt. No. 28.) On May 21, 2024, Plaintiff mailed the FAC, Summons, an AO 398 Notice of Lawsuit and Request to Waive Service of Summons, and the AO 399 Waiver of Service form that was to be returned to each of the individual defendants by certified mail. (Pl.'s Mot. at 2; Decl. of Jennifer Yeh, "Yeh Decl.," Dkt. No. 65-1 ¶ 4; Suppl. Decl. of Jennifer Yeh, "Suppl. Yeh Decl.," Dkt. No. 79 ¶ 2.) The AO 398 Notice indicated that the signed AO 399 needed to be returned within 30 days of May 21, 2024. (Yeh Decl., Exs. 5-11.) Failure to waive service by June 20, 2024 would result in formal service of the summons and complaint and Plaintiff could seek reimbursement of the costs incurred. *See ids.*

On May 24, 2024, Plaintiff sent a second package of documents to each of the individual Defendants that included the same documents and the AO 399 Waiver of Service form. (Yeh Decl. ¶ 5.) The AO 398 Notice of Lawsuit and Request to Waive Service for each individual defendant was addressed to each defendant by name. (Yeh Decl., Exs. 5-11.)  The 30-day deadline to waive service based on a mailing date of May 24, 2024 was June 24, 2024. *See ids.*  Defendants Sevier, Doolin, Mazur, Scott, and Kapoor all accepted the delivery of the FAC, and signed the certified mail return receipt. (Yeh Decl. ¶ 8.)

On June 11, 2024, Plaintiff hired a process server to serve Defendant Jordan, who had rejected the packages asking her to waive service and to provide notice of the lawsuit. (Yeh Decl. ¶ 11.)  On June 13, 2024, Defendant Jordan was personally served with the FAC via process server. (Dkt. No. 40.)

On June 21, 2024, Defendant Gunsolus waived serviced. (Yeh Decl. ¶ 12, Ex. 15.)  On June 24, 2024, Plaintiff hired Same Day Process to serve Defendants Sevier, Doolin, Mazur, Scott, and Kapoor. (Yeh Decl. ¶ 14, 34, Ex. 7.)

On July 1, 2024, Defendant Scott waived service. (*See* Friend Decl. ¶ 3, Ex. B.) He was then served by process server on July 6, 2024. (Dkt. No. 41.) Defendant Doolin was served by process server on July 3, 2024 (Dkt. No. 52), and Defendant Kapoor was served on July 8, 2024 (Dkt. No. 42).  Same Day Process was unsuccessful in serving Defendant Sevier after multiple attempts, so Plaintiff hired another process service company (Proof) to do so, but Proof made an additional four unsuccessful attempts, including to FEMA, where its process server was escorted out of the building by security. (Suppl. Yeh Decl. ¶ 9.)  On July 16, 2024, Defendant Sevier waived service. (*See* Decl. of Molly A. Friend, "Friend Decl.," Dkt. No. 70-1 ¶ 4, Ex. C.) Defendant Mazur was served by process server on July 18, 2024, even though Defendants contend that she waived service on June 24, 2024. (Mazur Certificate of Service, Dkt. No. 53; *cf.* Friend Decl. ¶ 2, Ex. A.)

On November 14, 2024, Plaintiff filed a motion for reimbursement of costs related to service of process. (Pl.'s Mot., Dkt. No. 65.)  On November 29, 2024, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 70.)  On December 6, 2024, Plaintiff filed a reply. (Dkt. No.

72.) On December 11, 2024, Plaintiff filed a corrected reply. (Pl.'s Reply, Dkt. No. 73.) On February 11, 2025, Plaintiff filed a supplemental declaration. (Pl.'s Suppl. Decl., Dkt. No. 79.) On February 20, 2025, Defendants filed a response. (Defs.' Resp., Dkt. No. 80.)

## II.    LEGAL STANDARD

In order for their costs and fees to be recoverable under Federal Rule of Civil Procedure 4(d)(2), a plaintiff must first show that they "made proper requests for waiver of service, meeting the condition precedents in Rule 4(d)(1)." *Gaby's Bags, LLC v. Mercari, Inc.*, No. C 20-00734 WHA, 2020 WL 7664455, at *3 (N.D. Cal. Dec. 25, 2020) (citing *Rollin v. Cook*, 466 F.App'x 665, 667 (9th Cir. 2012)). Under Rule 4(d)(1), "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." A proper notice and request for waiver of service require, among other things, that: they be in writing and be addressed to the individual defendant; be sent by "first-class mail or other reliable means"; "be accompanied by a copy of the complaint, 2 copies of the waiver form ... and a prepaid means for returning the form"; and that the defendant be given "a reasonable time of at least 30 days after the request was sent." Fed. R. Civ. P. 4(d)(1)(A)–(G). "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff." *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012) (citing Fed. R. Civ. P. 4(d)(1)).

If a defendant fails to waive a proper request under Rule 4(d)(1), absent good cause, "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). The burden to show good cause falls on the defendant. *Rollin*, 466 F. App'x at 667. The Advisory Committee noted that "sufficient cause should be rare." Fed. R. Civ. P. 4(d)(2) advisory committee's note to 1993 amendment. The Advisory Committee's examples of sufficient cause to not shift the cost of service were "if the defendant did not receive the request or was insufficiently literate in English to understand it." *Id.*

### III. DISCUSSION

#### A. Whether the Waiver Requests were Proper

In opposition, Defendants argue only that the requests did not strictly comply with Rule 4(d)(1), "because they were not addressed to individual Defendants in their individual capacity." (Defs.' Opp'n at 5.) Defendants cite to Rule 4(d)(1)(A)(i), which requires only that the waiver "be addressed to the individual defendant." (*See* Defs.' Opp'n at 5.) The rule does not require that the waiver form state that the individual to whom it is is addressed is being sued in their individual capacity, and none of the cases cited by Defendants have interpreted that provision as requiring same.

Additionally, the waiver packets were sent to the personal addresses of several of the individual defendants, rather than exclusively to their respective agencies. (*See* Decl. of Jennifer Yeh, "Yeh Decl.," Dkt. No. 65-1 ¶¶ 4-5, Ex. 1; Pl.'s Reply at 6; Suppl. Yeh Decl. ¶ 2.) In so doing, it should have been evident that they were not being sued in their official capacities.

Thus, the Court finds that the waiver requests were properly made.

#### B. Good Cause

Defendants contend that they had good cause to not return the waiver of service form because the Requests to Waive Service did not place them on notice that they were being sued in their individual capacities. (Defs.' Opp'n at 2.) The Court disagrees for the reasons set forth above. *See* discussion, *supra,* Part III.A.

Moreover, to the extent that Defendants contend that "[t]he FAC states no cognizable [action] against any of the individually named defendants" constitutes good cause, Defendants provide no legal authority that the purported failure to state a claim against a particular defendant constitutes good cause to failure to waive service. (*See* Defs.' Opp'n at 6.) If that were the case, any defendant could refuse to waive service by claiming that the operative complaint fails to sufficiently state a claim. Such a rule would run counter to a defendant's "duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). In fact, the Advisory Committee remarked that "[i]t is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." Fed. R. Civ. P. 4(d)(2) advisory committee's note to

4

1993 amendment. This strongly suggests that Rule 4(d)(2) applies even where a claim against a defendant is ultimately unsuccessful. *Est. of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005). As a result, the individual defendants should have waived service and then challenged the sufficiency of the operative complaint by noticed motion, which they have since done.

Accordingly, the Court finds that Defendants have not satisfied their burden of showing good cause for the failure to timely return their waiver forms.

### C. Expenses incurred in making service

Plaintiff requests the reimbursement of attorney's fees and costs in the amount of $493,911.04. (Pl.'s Mot. at 6; Yeh Decl. ¶ 29, Ex. 2.)

#### i. Attorney's Fees

As an initial matter, Plaintiff contends that she is entitled to attorney's fees because she is licensed to practice law in California, and Rule 4 does not have a provision that excludes pro se attorneys or otherwise differentiates between attorneys acting on behalf of themselves or others. (Pl.'s Mot. at 6.)

To the contrary, in the Ninth Circuit, attorneys cannot recover statutory attorney's fees if they are representing themselves. *Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006) (abrogated on other grounds by *Citizens for Free Speech, LLC v. Cty. of Alameda*, 953 F.3d 655 (9th Cir. 2020) ("pro se litigants, attorneys or not, cannot recover statutory attorneys' fees."); *see also Brown v. Cornu*, No. C 09-00661 MHP, 2009 WL 10695629, at *3 (N.D. Cal. July 2, 2009) (citing *Kay v. Ehrler*, 299 U.S. 432 (1991) (same).

Thus, the Court denies Plaintiff's request to reimburse attorney's fees.

#### ii. Reasonable costs associated with service

Plaintiff may, however, recover the reasonable costs associated with personal service.

##### a. Amount paid for formal process service

Plaintiff contends that she spent $2,020.74 in connection with formal service of process. (Yeh Decl. ¶ 29, Ex. 2.) To the extent that Plaintiff seeks to recover any costs connected with mailing the waiver packets, that request is denied, because those costs would be ordinarily

incurred if the defendants had complied with Rule 4.[1]

The Court ordered Plaintiff to provide a supplemental declaration and attach all invoices for process service. (Dkt. No. 77.) In response, Plaintiff provided several pages of invoices. (*See* Suppl. Yeh Decl., Exs. 1-15.)

To the extent that Defendants argue that the service costs associated with Erika Jordan's service are not recoverable, because Plaintiff engaged a process server within 30 days of mailing the waiver packet, the Court finds that the fact that Ms. Jordan refused the delivery of the waiver packet via certified mail to be tantamount to refusing to waive service, thereby necessitating personal service. (*See* Defs.' Opp'n at 4.) Notwithstanding, it was unreasonable for Plaintiff to serve the initial complaint on Ms. Jordan after she had already been served the first amended complaint. Thus, the Court finds that the expense of the later service is not compensable. Furthermore, to the extent that Mr. Scott was served twice due to an error in the summons, Plaintiff is only entitled to recover for a single service of process. (*See* Suppl. Yeh Decl. ¶ 20, Ex. 12.)

Regarding Ms. Mazur's service, Plaintiff disputes Defendants' assertion that Ms. Mazur waived service on June 24, 2024. (*See* Friend Decl., Ex. A.) In reply, Plaintiff contends that FEMA's counsel, Linda Aragon, returned the informal waiver form for discovery and other papers via email on June 26, 2024. (Pl.'s Reply at 2; Decl. of Jennifer Yeh ISO Reply, "Yeh Reply Decl.," Dkt. No. 73-1 ¶ 8, Ex. 6.) Plaintiff attached the June 26, 2024 email with Ms. Mazur's attachment confirming same. (6/26/24 Email, Yeh Reply Decl. ¶ 8, Ex. 6.) Thus, Ms. Mazur did not timely waive service on the AO 399 form, and the expenses incurred for personal service are recoverable.

After reviewing the invoices, the Court finds that the following invoices are subject to reimbursement:

| **Defendant** | **Vendor** | **Invoice No.** | **Amount Paid** |

---

[1] Thus, Plaintiff's request to recover costs for serving Ms. Gunsolus, who timely waived service, is denied. (*See* Pl.'s Mot. at 2.)

6

| | | | |
|---|---|---|---|
| Adrian Sevier (1st attempt) | Same Day | 189870 | $85.00 |
| Adrian Sevier (2nd attempt) | Proof | 522456 | $232.50 |
| Joel Doolin | Same Day | 189220 | $85.00 |
| Cynthia Mazur | Same Day | 190161 | $250.00 |
| Robert Scott | Same Day | 188816 | $155.00 |
| Vikram Kapoor | Same Day | 189401 | $85.00 |
| Erika Jordan | Same Day | 188604 | $255.25 |
| | | **Total:** | **$1,147.75** |

(*See* Suppl. Yeh Decl., Exs. 3, 5, 7, 8, 10, 11, 13.)

Accordingly, the Court finds that Plaintiff is entitled to $1,147.75 for the individual defendants' failure to timely waive service of process.

### b. Other expenses

The Court finds that the other costs are not reasonably associated with service of process. To the extent that Plaintiff is attempting to recover fees associated with sending the waiver packets in accordance with Rule 4(d)(1), as well as the cost of general office supplies, mailing supplies, public transit, and a laser printer, those are not appropriate for reimbursement under Rule 4.

Thus, Plaintiff's request for the reimbursement of all other expenses is denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reimbursement of costs is GRANTED IN PART AND DENIED IN PART. Specifically, the individual defendants are ordered to reimburse Plaintiff the following amounts incurred in connection with personal service due to their failure to timely waive service of process:

| | |
|---|---|
| Adrian Sevier | $317.50 |
| Joel Doolin | $85.00 |
| Cynthia Mazur | $250.00 |
| Robert Scott | $155.00 |

7

| Vikram Kapoor | $85.00 |
|---|---|
| Erika Jordan | $255.25 |

Plaintiff's motion is denied in all other respects. Payment shall be remitted within 21 days of this order.

IT IS SO ORDERED.

Dated: March 25, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

8