CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MOLLY A. FRIEND (CABN 289677)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7177
    FAX: (415) 436-6748
    molly.friend@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JENNIFER YEH.,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTI NOEM, et. al.,<br><br>    Defendants. | Case No. 24-cv-00797-KAW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Hearing: August 7, 2025<br>Time:    1:30 p.m.<br>Location: Oakland Courthouse<br><br>Hon. Kandis A. Westmore |

## I. Introduction

Plaintiff seeks a laundry list of sanctions from six individual defendants (each of whom has already been dismissed with prejudice from this lawsuit) as well as their counsel related to this Court's order awarding Plaintiff $1,147.75 in costs of service on Robert Scott, Vikram Kapoor, Erika Jordan, Cynthia Mazur, Adrian Sevier, and Joel Doolin (collectively, "Individual Defendants"). ECF No. 86 ("Mot."). But the Individual Defendants have already provided Plaintiff with money orders—from their personal funds—for the entire amount of the costs assessed by this Court. Plaintiff could immediately deposit five of those money orders, totaling $1,062.75, but she chooses not to do so because she makes the unsupported (and untenable) demand that counsel for the Individual Defendants must personally

guarantee those money orders. Plaintiff also has a money order for the remaining balance of $85.00, but she claims that money order is faulty and that her bank will not accept it. However, Plaintiff refuses to return that allegedly faulty money order so that it can be replaced with a new one.

In other words, there is no failure to comply with the Court's order in this case. It is completely within Plaintiff's power to receive the $1,147.75 awarded by this Court, but Plaintiff simply refuses to take the steps necessary to do so. The Individual Defendants respectfully request that the Court deny Plaintiff's request for sanctions.

**II.    The Individual Defendants Were Never Proper Parties To This Lawsuit, But They Nevertheless Remitted Payment To Plaintiff For The Court-Ordered Costs Of Service**

In this lawsuit, Plaintiff claims, *inter alia*, that she was discriminated against during her employment at the Federal Emergency Management Agency ("FEMA") and that various tortious acts were committed against her by her FEMA coworkers. ECF No. 28 ("FAC"). Despite the inescapable legal reality that (1) the *only* proper defendant for federal-sector employment discrimination claims is the head of the relevant agency and (2) under the Federal Tort Claims Act the *only* proper defendant for tort claims involving conduct of federal employees acting within the scope of their employment is the United States, Plaintiff sued seven of her coworkers in their individual capacities: Robert Scott, Vikram Kapoor, Erika Jordan, Kirsten Gunsolus, Cynthia Mazur, Adrian Sevier, and Joel Doolin. FAC ¶¶ 23-29. In granting the government's motion to dismiss the FAC, the Court correctly recognized that Plaintiff cannot sue her coworkers in their individual capacities, and the Court thus dismissed the Individual Defendants with prejudice. ECF No. 84 at 12 ("in amending her complaint, Plaintiff is not permitted to allege her employment discrimination claims against the individual defendants") & 16 (Plaintiff "is not permitted to add . . . new parties other than the United States in connection with any claims brought under the Federal Tort Claims Act").

Notwithstanding the fact that the Individual Defendants were *never* proper parties to this lawsuit, Plaintiff filed a motion seeking more than two thousand dollars in costs and almost half a million dollars in attorney's fees from her coworkers—in their individual capacity—related to Plaintiff's attempts to serve the summons and complaint on them. ECF No. 65. On March 26, 2025, the Court issued an order denying, in full, Plaintiff's request for $493,911.04 in attorney's fees, finding that Plaintiff was not

eligible for attorney's fees as a *pro se* litigant. ECF No. 83 at 5. The Court, however, granted Plaintiff's motion for reasonable costs of service from the Individual Defendants in the amount of $1,147.75 (*i.e.*, almost a thousand dollars less than the amount Plaintiff had requested). *Id.* at 6-7. Specifically, the Court awarded Plaintiff the following costs of service from each respective Individual Defendant:[1]

| Individual Defendant | Reasonable Costs of Service Awarded |
|---|---|
| Adrien Sevier | $317.50 |
| Joel Doolin | $85.00 |
| Cynthia Mazur | $250.00 |
| Robert Scott | $155.00 |
| Vikram Kapoor | $85.00 |
| Erika Jordan | $255.25 |
|  | **Total: $1,147.75** |

ECF No. 83 at 6-7. The Court ordered payment to be "remitted within 21 days of this order," or by April 16, 2025. *Id.* at 8. Because the Court assessed reasonable costs of service against the Individual Defendants in their individual capacity, payment of the Court-ordered costs of service was the responsibility of each individual and not the federal government.

On April 9, 2025, counsel for the Individual Defendants asked Plaintiff to provide Plaintiff's preferred method of payment for the costs of service awarded in the Court's order. Declaration of Molly A. Friend ("Friend Decl.") ¶ 2. Two days later, on April 11, 2025, Plaintiff indicated that she preferred payment by direct deposit or wire transfer. *Id.* ¶ 3. That same day, counsel for the Individual Defendants asked Plaintiff for her bank name and address, and the checking and routing numbers for the account in which she would like to receive payment. *Id.* ¶ 3. Plaintiff never responded. *Id.*

Having still not received a response from Plaintiff four days later—and only one day prior to the Court's April 16, 2025 payment remittance deadline—on April 15, 2025, counsel for the Individual Defendants asked Plaintiff to stipulate to a two-week extension. *Id.* ¶ 4. Plaintiff refused to stipulate to

---

[1] The Court did not award costs of service from Kirsten Gunsolus because Ms. Gunsolus timely waived service. ECF No. 83 at 6 n.1.

INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS
24-cv-00797-KAW                                3

an extension, and she further refused to provide wire transfer information (which Plaintiff had previously indicated was her preferred method of payment). *Id*. Plaintiff instead provided a physical address at which she agreed to receive money orders. *Id*. Plaintiff thus sought to force the Individual Defendants—with only one day of notice—to obtain money orders from their individual bank accounts and deliver those money orders to Plaintiff at a physical address. *Id*.

On April 16, 2025, Adrian Sevier, Cynthia Mazur, Erika Jordan, and Robert Scott, in their individual capacity, remitted payment to Plaintiff by money orders transmitted through certified mail. *Id*. ¶ 5. Joel Doolin and Vikram Kapoor were unable to obtain money orders by April 16, 2025, but those two individuals also remitted payment (again, by money orders pulled from their personal funds) just one day later, on April 17, 2025. *Id*.

Two weeks after payment was remitted to Plaintiff, Plaintiff contacted counsel for the Individual Defendants and stated that her bank would not accept the money orders from Joel Doolin and Vikram Kapoor because those money orders did not include their addresses. *Id*. ¶ 6. Plaintiff offered to return the money orders, but demanded reimbursement for her time and expenses. *Id*. On May 1, 2025, counsel for the Individual Defendants provided Plaintiff with the addresses for Joel Doolin and Vikram Kapoor so that Plaintiff could return the money orders and asked Plaintiff to provide the amount spent on postage so that Joel Doolin and Vikram Kapoor could reimburse her. *Id*. ¶ 7. In response, Plaintiff again requested payment for her time. *Id*. Although Plaintiff still had not returned the prior money order, Vikram Kapoor sent a new money order to Plaintiff via certified mail on May 1, 2025. *Id*. ¶ 8. On May 6, 2025, counsel for the Individual Defendants informed Plaintiff that she could return both allegedly faulty money orders directly to counsel if that would be easier and again offered to reimburse Plaintiff for postage. *Id*. ¶ 9. To date, Plaintiff has not responded to that e-mail or returned the money orders from Joel Doolin or Vikram Kapoor. *Id*.

Plaintiff does not contend that she failed to receive the money orders pulled from Adrian Sevier's, Cynthia Mazur's, Erika Jordan's, and Robert Scott's personal funds, nor does Plaintiff raise any substantive concerns with those money orders. However, it is unclear if Plaintiff has deposited those money orders as she has repeatedly asked counsel for the Individual Defendants for a personal guarantee that Adrian Sevier's, Cynthia Mazur's, Erika Jordan's, and Robert Scott's money orders will

not bounce. *Id.* ¶ 10.

Rather than taking actions freely available to Plaintiff that would result in immediate payment of the Court-awarded costs of service (*e.g.*, (1) depositing the money orders that are already in Plaintiff's possession from Adrian Sevier, Cynthia Mazur, Erika Jordan, Robert Scott, and Vikram Kapoor, and (2) returning Joel Doolin's existing money order so he can provide Plaintiff with a new money order), Plaintiff filed the instant motion for sanctions on June 18, 2025. ECF No. 86.

### III. Plaintiff Does Not—And Cannot—Carry Her Burden To Show She Is Entitled To Sanctions Because Defendants Complied with the Court's Order

Plaintiff cannot recover sanctions in this case because each respective Individual Defendant remitted payment to Plaintiff in the amount ordered by the Court. The only reason the total Court-ordered sum of $1,147.75 is not already in Plaintiff's bank account is that Plaintiff chooses not to take the necessary actions to make that happen.

Pursuant to Federal Rule of Civil Procedure 70, a court may order a party to perform a specified act if the party fails to comply with a court order within the time specified. Fed. R. Civ. P. 70(a); *see also* Fed. R. Civ. P. 70(e) (permitting a court to "hold the disobedient party in contempt"). District courts also have the inherent power to find a party in civil contempt where the party willfully disobeys a court order.[2] *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984). A party may be found in contempt if it fails to take all reasonable steps within its power to comply with an order. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). It is the moving party's burden to show contempt, and the party must "show by clear and convincing evidence that [the nonmoving party] violated the [court order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d. 1320, 1322 (9th Cir. 1997). Therefore, substantial compliance is a defense to civil contempt "and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Nemetona*

---

[2] Plaintiff's Motion cites numerous other Federal Rules of Civil Procedure, Local Rules, and California Civil Code provisions in support of her arguments, but those legal sources do not apply to the circumstances currently before the Court. *See* Mot. at 7-8 (citing Fed. R. Civ. P. 16(f)(1) (failure to comply with scheduling orders); Local Rules 1-4 and 1-5(o) (noncompliance with local and federal rules); 8 Cal. Gov. Code § 68083 (state government code); Fed. R. Civ. P. 37 (failure to comply with discovery order)).

*Trading Ltd. v. Kurt Orban Partners, L.L.C.*, No. 14-cv-03284-SI, 2015 WL 1967401, at *2 (N.D. Cal. May 1, 2025) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

There can be no dispute that Adrian Sevier, Cynthia Mazur, Erika Jordan, and Robert Scott complied with this Court's March 26, 2025 Order. Each of those Individual Defendants remitted payment on April 16, 2025 by sending a money order to Plaintiff for the amount this Court assessed to each individual by certified mail. Friend Decl. ¶ 5; Fed. R. Civ. P. 5(b)(2)(C) (service is complete upon mailing). Plaintiff's choice not to deposit those money orders absent an unwarranted (and legally baseless) personal guarantee by counsel for the Individual Defendants (Friend Decl. ¶ 10) is immaterial to whether the Individual Defendants complied with the Court's Order; Adrian Sevier, Cynthia Mazur, Erika Jordan, and Robert Scott unquestionably did so. Notably, the payments that were remitted on the Court-ordered deadline account for all but $170.00 of the $1,147.75 in Court-ordered costs of service.

Joel Doolin and Vikram Kapoor remitted payment to Plaintiff merely one day after the Court-ordered deadline, on April 17, 2025. Friend Decl. ¶ 5. A one-day delay in payments totaling $170.00 does not warrant a contempt finding; that is especially the case where the delay is the result of Plaintiff's own conduct and the delay did not cause Plaintiff actual prejudice. *See, e.g.*, *Harris v. Kim*, No. 05-cv-00003, 2015 WL 1565338, at *4 (E.D. Cal. Apr. 8, 2015) (compliance that was technically late did not warrant contempt finding where untimeliness was not significant and did not cause plaintiff actual prejudice); *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("If a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt."); *Morning Star, LLC v. Canter*, No. 22-cv-04973, 2025 WL 1421105, at *3-4 (C.D. Cal. Feb. 7, 2025) ("A six day delay, in itself, would not cause this Court to find Nazemi in contempt of the permanent injunction.").

Plaintiff's contention that her bank would not accept Joel Doolin's and Vikram Kapoor's money orders (because they were purportedly missing a mailing address) does not change the analysis. *See Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, No. 17-cv-01613, 2020 WL 816135, at *7-8 (C.D. Cal. Jan. 23, 2020) (declining to hold the defendants in contempt where they took affirmative steps to comply with the court's order and the only violation was a technical error); *Harris*, 2025 WL

1565338, at *4 ("the record is devoid of any evidence that the tardiness was attributable to lack of due diligence, willful dilatory conduct, etc."). Joel Doolin and Vikram Kapoor have taken affirmative steps to remedy any technical error in their money orders, but *Plaintiff* thwarted their efforts to do so. Vikram Kapoor actually sent Plaintiff a replacement money order even though Plaintiff has not returned the prior money order, thereby placing Vikram Kapoor in jeopardy of double payment of the $85.00 that the Court assessed to him for costs of service. Friend Decl. ¶ 8. In contrast, to avoid potential double liability, Joel Doolin is waiting for Plaintiff to return his purportedly faulty money order and intends to replace it with a new money order for $85.00 immediately thereafter. *Id*. ¶ 7. Joel Doolin has taken additional steps to ameliorate any prejudice to Plaintiff, including by offering to pay for postage for the return package. *Id*. The record here is devoid of any evidence of lack of due diligence or willful dilatory conduct, and a contempt finding is thus unwarranted. *Harris*, 2025 WL 1565338, at *4; *Nemetona Trading Ltd.*, 2015 WL 1967401, at *2 (civil contempt finding not warranted where there were "a few technical violations" and "where every reasonable effort has been made to comply").

To be clear, Plaintiff already has in her possession money orders totaling $1,062.75 of the $1,147.75 in Court-assessed costs of service, and she could deposit those money orders today if she wished to do so. Plaintiff also already has in her possession a money order from Joel Doolin for the remaining balance of $85.00; Plaintiff claims that her bank will not accept the money order, but Joel Doolin will provide a new money order as soon as Plaintiff returns the old one. Plaintiff simply has not returned that money order and thus has not taken the steps necessary to receive the last $85.00 in Court-ordered costs of service.

**IV.   Plaintiff Is Not Entitled to the Requested Sanctions**

Even if the Court finds that Joel Doolin or Vikram Kapoor (or any of the other Individual Defendants) did not remit payment to Plaintiff as required by the March 26, 2025 order, Plaintiff still would not be entitled to the sanctions requested in her Motion because any such sanction would have a solely punitive nature and would do nothing to compensate Plaintiff for unidentified injuries resulting from what amounts to (at the absolute worst) a slightly delayed payment of $170.00.

"A court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce the defendant into compliance with the court's order'; and (2) 'to compensate the complainant for

losses sustained.'" *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). District courts have wide discretion in determining the appropriate amount of a sanction award. *Nikko Materials USA, Inc. v. R.E. Serv. Co.*, No. 03-cv-2549-SBA, 2006 WL 1749550, at *3-4 (N.D. Cal. June 22, 2006) (citing *Torres v. Goodyear Tire & Rubber Co.*, 867 F.2d 1234, 1242 (9th Cir. 1989)).

Here, Plaintiff requests a laundry list of sanctions, including monetary sanctions, interest and inflation on late payments, reimbursement of litigation costs, attorney's fees for the entirety of the case, compensation for interference with Plaintiff's career prospects and loss of enjoyment of work, monetary damages for pain and suffering, an injunction or sanctions on counsel for failing to open an IOLTA account, an order to pay any outstanding payments, an order for Defendants' counsel to hire a courier service to retrieve the two allegedly faulty money orders, an order for Defendants to volunteer their time, and adverse inferences against the Individual Defendants. Mot. at 14-19.

The requested sanctions are neither warranted nor available under the facts of this case.

### A. Plaintiff Does Not Provide Evidence That She Suffered Any Cognizable Damages

Any award of compensatory sanctions, such as litigation costs, attorneys' fees, and other compensation, must be limited to actual losses sustained as a result of noncompliance with a court order. *Snow Joe, LLC v. Linemart, Inc.*, No. 20-cv-00587, 2022 WL 2818742, at *7 (C.D. Cal. July 18, 2022) (denying compensatory sanctions where plaintiff failed to provide court with evidence as to sales actually lost as a result of the defendants' noncompliance) (citing *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983)); *Gen. Signal Corp.*, 787 F.2d at 1380 ("There is nothing in the record to indicate that General Signal lost $400,000 as a result of the violation of the consent order"); *Faizi v. Temori*, No. 22-cv-04224-VKD, 2023 WL 2026527, at *5 (N.D. Cal. Feb. 15, 2023) (declining to impose sanctions on defendants' profits where plaintiff provided no evidence to support such a sanction); *Williams v. SBE Entertainment Group*, No. 07-cv-07006-GAF, 2009 WL 10675222, at *2 (C.D. Cal. Oct. 1, 2009) (sanctions unavailable where plaintiff provided no evidence he suffered actual losses or sustained a direct injury as a result of defendants' conduct)

Here, Plaintiff provides no evidence of the monetary damages that she purportedly suffered as a result of the Individual Defendants' alleged non-compliance with the Court's order. Again, Plaintiff

already has in her possession money orders totaling $1,062.75 as well as a money order from Joel Doolin for the remaining balance of $85.00 (which Plaintiff claims her bank will not accept). The Motion does not attach any evidence—or even provide an explanation—as to how the remaining balance of $85.00 resulted in an "interference with Plaintiff's career prospects and loss of enjoyment of work." Mot. at 18. Plaintiff also has not yet returned the purportedly faulty money orders from Vikram Kapoor and Joel Doolin (Friend Decl. ¶ 9), and she thus has not incurred a postage expense for that return package (and, in any event, Joel Doolin and Vikram Kapoor have offered to reimburse her whenever that expense is incurred, *see id.* ¶ 7). And Plaintiff has not explained, or offered evidence of, monetary damages that she purportedly suffered when Joel Doolin and Vikram Kapoor remitted payment (totaling $170.00) one day late.

Without evidence of actual losses—which Plaintiff does not provide here—Plaintiff is not entitled to monetary sanctions. *See Snow Joe, LLC*, 2022 WL 2818742, at *7; *Shuffler*, 720 F.2d at 1148; *Faizi*, 2023 WL 2026527, at *5.

### B. Plaintiff Is Not Eligible For Attorney's Fees

Just like the underlying motion for attorney's fees and costs related to service, Plaintiff again demands attorney's fees. Mot. at 18-19. But this Court has already held that, as a *pro se* litigant, Plaintiff cannot recover attorney's fees in this case. ECF No. 83 at 5; *see also Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006) ("pro se litigants, attorneys or not, cannot recover statutory attorneys' fees.").

### C. Plaintiff Is Not Entitled to Coercive Sanctions

Plaintiff is also not entitled to the coercive sanctions she demands here, such as an order to pay any outstanding payments, an order for Defendants' counsel to hire a courier service to retrieve the two allegedly faulty money orders, and an order for Defendants to volunteer their time. In determining whether to impose coercive sanctions, courts "must 'consider the character and magnitude of the harm threatened'" by a continuing violation, and "probable effectiveness of any suggested sanction in bringing about the result desired." *Snow Joe, LLC*, 2022 WL 2818742, at *6 (quoting *United Mine Workers of Am.*, 330 U.S. at 303-04). While coercive sanctions may be imposed to force compliance, they may not be so excessive as to be considered punitive in nature. *Nikko Materials USA, Inc.*, 2006

WL 1749550, at *3; *United States v. Ayres*, 166 F.3d 991, 997 (9th Cir. 1999) (coercive sanctions are only appropriate where the nonmoving party is able "to purge the contempt by his own affirmative act").

Here, coercive sanctions are inappropriate because there is no continuing violation, and any such sanction would thus be purely punitive. Plaintiff has already received payment from Adrian Sevier, Cynthia Mazur, Erika Jordan, Robert Scott, and Vikram Kapoor. Friend Decl. ¶¶ 5, 8; *Snow Joe, LLC*, 2022 WL 2818742, at *6; *Nikko Materials USA, Inc.*, 2006 WL 1749550, at *3. Plaintiff has also received an allegedly faulty money order of $85.00 from Joel Doolin, but Joel Doolin is prepared to provide Plaintiff with a new money order as soon as Plaintiff returns the old one. *Id.* ¶ 7. It is unclear if Plaintiff has deposited any of those money orders, but that is Plaintiff's own choice, and it is wholly outside of the Individual Defendants' control. *Ayres*, 166 F.3d at 997 (coercive sanctions unavailable where the nonmoving party cannot "purge the contempt by his own affirmative act").

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for sanctions should be denied in its entirety.

DATED: July 2, 2025                                    Respectfully submitted,

                                                       CRAIG H. MISSAKIAN
                                                       United States Attorney

                                                       */s/ Molly A. Friend*
                                                       MOLLY A. FRIEND
                                                       Assistant United States Attorney
                                                       *Attorneys for Defendant*