UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER YEH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>　　　　　Defendants. | Case No. 4:24-cv-00797-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 86 |

On June 18, 2025, Plaintiff Jennifer Yeh filed a motion for sanctions against Defendants Adrian Sevier, Joel Doolin, Cynthia Mazur, Robert Scott, Erika Jordan, and Vikram Kapoor for violating the Court's March 26, 2025 order for reimbursement of fees. (Pl's Mot., Dkt. No. 86 at 3.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion for sanctions.

## I. BACKGROUND

On March 26, 2025, the Court denied Plaintiff's motion for $493,911.04 in attorney's fees, but it awarded Plaintiff a total of $1,147.75 in reasonable costs of service from the individual defendants, in varying amounts. (3/26/25 Order, Dkt. No. 83 at 7-8.) The Court ordered that payment be remitted within 21 days, which was April 16, 2025. *See id.* at 8.

On April 9, 2025, defense counsel Molly Friend asked Plaintiff to provide her preferred method of receiving payment. (Decl. of Molly Friend, "Friend Decl.," Dkt. No. 88-1 ¶ 2.) Plaintiff responded on April 11, 2025, indicating her preferred method was wire transfer or direct deposit. (Friend Decl. ¶ 3.) On that same date, Ms. Friend requested that Plaintiff provide her

banking information, so that they could make the transfer. *Id.* On April 15, 2025, the day before the payment deadline, Ms. Friend asked Plaintiff to stipulate to a two-week extension, but Plaintiff refused. (Friend Decl. ¶ 4; Decl. of Jennifer Yeh, "Yeh Decl." Dkt. No. 86-1 ¶ 13.) Instead, Plaintiff provided a physical address and insisted that payment be by check or money order. (Yeh Decl. ¶ 15.) Individual Defendants obtained money orders with one day's notice and mailed them to Plaintiff. (Friend Decl. ¶ 5.)

All Defendants, except for Joel Doolin and Vikram Kapoor, remitted payment by certified mail on April 16, 2025. (Friend Decl. ¶ 5; Yeh Decl. ¶¶ 16-17.) Defendants Doolin and Kapoor submitted payment one day later, on April 17, 2025. *Ids.* None of the payments were received by Plaintiff's post office before the April 16, 2025 deadline, but they were all received per tracking number by April 22, 2025. (Yeh Decl. ¶ 18.)

On May 1, 2025, Plaintiff contacted defense counsel and claimed that her bank would not accept the money orders from Messrs. Doolin and Kapoor because they were missing the Defendants' respective addresses. (Yeh Decl. ¶ 22.) Plaintiff offered to return the orders but requested reimbursement for postage and compensation for her time. (Friend Decl. ¶ 7; Yeh Decl. ¶¶ 25-26.)

On May 1, 2025, Vikram Kapoor sent a new money order to Plaintiff via certified mail, which arrived on May 3, 2025. (Friend Decl. ¶ 8; Yeh Decl. ¶ 20.) On May 6, 2025, Ms. Friend offered to have any disputed money orders sent directly to them and to reimburse Plaintiff for postage. (Friend Decl. ¶ 9.) As of the date of filing, Plaintiff had not responded to that communication or returned the disputed money orders. *Id.* Plaintiff has asked that defense counsel guarantee that the checks or money orders sent by the other individual defendants would not bounce. (Friend Decl. ¶ 10.)

On June 18, 2025, Plaintiff filed the instant motion for sanctions. (Pl.'s Mot., Dkt. No. 86.) On July 2, 2025, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 88.) On July 9, 2025, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 89.)

## II. DISCUSSION

Now, Plaintiff moves for sanctions because she did not receive payment from all

1  Individual Defendants by the April 16, 2025 deadline. (Pl.'s Mot. at 1.) Plaintiff had checks

2  and/or money orders from all Individual Defendants in hand less than one week later. (*See* Yeh

3  Decl. ¶ 19.) Thus, this motion is a waste of judicial resources, particularly given that the

4  defendants attempted to comply, and their tardiness amounts to a technical violation of the court

5  order. Indeed, had Defendants filed an administrative motion for an extension of time to remit

6  payment, that request would have been granted. Thus, the Court agrees with Defendants that the

7  delay in payment does not warrant sanctions or a finding of contempt. (*See* Defs.' Opp'n at 6.)

8      Moreover, Plaintiff's argument in reply that Defendant should have taken the "reasonable

9  steps" to comply by using a courier or IOLTA/CTA account to ensure timely payment is not well

10  taken. (*See* Pl.'s Reply at 3-4.) The Government is not required to set up a trust account nor

11  should it be expected to hire a courier to deliver payment from individual defendants living in

12  other parts of the country. The fact that Plaintiff has received the payments, albeit it a little late,

13  does not rise to sanctionable conduct, and the Court declines to expend any further resources on

14  this specious motion.[1] The court also notes that Plaintiff originally indicated that her preferred

15  method was wire transfer or direct deposit. Had she provided Defendants the necessary banking

16  information for a wire transfer, the funds would have likely been received faster and without

17  incident.

18      Finally, given the passage of time since the filing of the motion, the Court trusts that the

19  parties have worked out this payment snafu amongst themselves. If they have not, Plaintiff should

20  return the remaining $85 defective money order so it can be reissued by Mr. Doolin and the

21  Government shall reimburse the postage.[2] Furthermore, the fact that the money orders may not

22  have been deposited by Plaintiff does not change the fact that payment was remitted, and the Court

23  will not require the Government to provide assurances that the other checks and money orders will

24  not bounce. (*See* Pl.'s Reply at 8.) If Plaintiff incurs any bank charges due to the "bouncing" of

---

[1] The Court does not appreciate that Plaintiff filed this motion despite having received the payments prior to filing.

[2] As explained previously, Plaintiff is not entitled to compensation for her time, because she is pro se. Moreover, the tasks described are administrative in nature and would likely not be compensable even if she were represented by counsel.

any of these payments, the Court is confident that the parties will meet and confer in good faith and arrange for reimbursement in the amount of any such charges.

Accordingly, Plaintiff's motion for sanctions is denied.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge