# EXHIBITS

EXHIBIT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Jennifer Yeh a/k/a
Adena D.,[1]
Complainant,

v.

Alejandro N. Mayorkas,
Secretary,
Department of Homeland Security
(Federal Emergency Management Agency),
Agency.

Request No. 2023003573

Appeal No. 2023001109

Hearing No. 570-2017-00832X

Agency No. HS-FEMA-26505-2016

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Adena D. v. Department of Homeland Security</u>, EEOC Appeal No. 2023001109 (May 4, 2023). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

At the time of events giving rise to this complaint, Complainant worked as an Alternative Dispute Resolution (ADR) Specialist/Attorney Advisor in the Agency's ADR Division in Washington, D.C.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

On June 22, 2016, Complainant filed an EEO complaint alleging that the Agency discriminated against her on the bases of race (Asian), national origin (Chinese/Taiwanese), sex (female), color (non-white), "equal pay," and disability (regarded as mentally disabled), and in reprisal for prior protected EEO activity when:

1. For an unspecified period, the Deputy Director, who was Complainant's immediate supervisor at the time, failed to act in response to allegations that Complainant was harassed by a male Coworker and informed Complainant that the Coworker was "merely teasing or bullying" her.

2. Since December 2015, Complainant was subjected to ongoing harassment. In support of this claim, Complainant alleged the following incidents:

   a. On December 14, 2015, the Deputy Director admonished Complainant for making a hypothetical statement in front of her coworkers about a hate crime, discrimination, and workplace violence.

   b. On December 20, 2015, in a meeting as a member of the drafting committee for the 2016 division performance goals, Complainant raised concerns to the Deputy Director about the Coworker yelling at her.

   c. On January 8, 2016, the Deputy Director gave Complainant an Emotional Intelligence assignment for stating that she was concerned about her safety in the new open workspace.

   d. On January 13, 2016, in an email entitled, "Improving your communication skills," the Deputy Director wrote that Complainant was becoming increasingly argumentative and disrespectful to him and everyone in the office.

   e. On January 28, 2016, the Deputy Director told Complainant that she did not perform in a legally sufficient manner because she refused to write a legal opinion that would violate anti-discrimination laws.

   f. On January 29, 2016, the Deputy Director gave Complainant a two-minute deadline to sign her annual performance review.

   g. On multiple occasions in February and March 2016, the Director did not act to stop discrimination and retaliation until the Deputy Chief Counsel told the Deputy Director and Director that they could not censor Complainant's speech.

   h. On March 18, 2016, Complainant reported to the Deputy Chief Counsel that the retaliation was continuing.

   i. On March 22, 2016, the Deputy Director said in an "agitated manner" that Complainant sent him hate mail and implied that she needed to visit the nurse's office. The Deputy Director stood close to Complainant and appeared to be visibly physically upset.

   j. On March 28, 2016, Complainant received a negative quarterly performance review from the Deputy Director of not meeting achieved expectations.

   k. On March 29, 2016, the Director stated that Complainant's requests to stop retaliation would be denied by her supervisors, and that either the Deputy Director or a new supervisor would be her first-line supervisor.

3                                             2023003573

    l.  On April 4, 2016, Complainant was informed that she would have a new supervisor, which she considered a demotion because the Supervisor was below her old supervisor (the Deputy Director) in the office's chain of command.

    m.  On April 11, 2016, the Supervisor assigned Complainant to make a 30-day plan that no one else had to do.

    n.  On April 17, 2016, the Supervisor assigned Complainant, through the Deputy Director, to write a legal memorandum by Wednesday or Thursday morning. The Supervisor also assigned Complainant other tasks with a 24-hour turnaround.

    o.  On May 2, 2016, in alleged reprisal for sending out the ideas to the "TRSG Project," the Supervisor told Complainant to give her a daily plan of her work, rather than write a 30-day plan.

    p.  On May 6, 2016, the Supervisor told Complainant to stop writing emails that were disrespectful.

3.  On May 10, 2016, Complainant learned that she was not selected for a detail.

4.  On May 20, 2016, the Supervisor denied Complainant's Family and Medical Leave Act (FMLA) request and said that Complainant would need to provide the FMLA certification form before it could be approved.

5.  The Agency refused to reassign and accommodate Complainant for a position three times, and it exceeded the 60-day requirement for a reassignment search, and it refused to engage in the interactive process in good faith.

After 180 days had elapsed, the Agency informed Complainant that it had not completed the investigation and notified her that she had a right to request to a hearing before an EEOC Administrative Judge (AJ). Complainant requested a hearing. The initial AJ (AJ1) ordered the Agency to produce the complaint file and report of investigation within 15 days. AJ1 informed the Agency that failure to produce the documentation or provide written justification to show good cause would result in appropriate sanctions.

After the Agency failed to produce the complaint file, the second AJ (AJ2), issued an order entering default judgment. A hearing was later held to determine liability and entitlement to relief. The AJ determined that Complainant failed to establish a prima facie case of discrimination regarding her allegations of disparate treatment and unequal pay in violation of the Equal Pay Act; that the Agency provided legitimate nondiscriminatory reasons for its actions; that the Agency engaged in a good faith interactive process in response to Complainant's reasonable accommodation request; and that the incidents alleged did not amount to more than general workplace disputes and tribulations. Nevertheless, AJ2 determined that Complainant was entitled to nominal damages because of the Agency's failure to timely investigate her complaint and awarded her $10,000.00. AJ2 also ordered training regarding the Agency's obligations to timely investigate and comply with orders; and to post a notice regarding the decision. The Agency subsequently issued a final order implementing AJ2's decision.

4                                                          2023003573

Complainant appealed and submitted a brief that was more than 260 pages and uploaded approximately 1,500 pages of documents in support of her appeal. Complainant requested additional sanctions against the Agency. Complainant also argued that AJ2 erred in not ordering a supplemental investigation; opening discovery; or allowing motions for summary judgment, and in refusing to accommodate Complainant's post-traumatic stress disorder (PTSD) during the hearing. Complainant further asserted that AJ2 erred in analyzing the merits of her claims. Complainant requested additional remedies and an increase in the award for non-pecuniary compensatory damages. The Agency opposed Complainant's appeal and emphasized that it had fully complied with the AJ's remedial relief order.

In EEOC Appeal No. 2023001109 (May 4, 2023), we issued a detailed decision fully addressing Complainant's appellate arguments, including her request to add new claims. Our prior decision also addressed Complainant's arguments regarding AJ2's credibility determinations, her request for sanctions, and her concerns about the hearing and entitlement to relief. We ultimately concurred with the AJ2's award of $10,000.00 in nonpecuniary compensatory damages and affirmed the Agency's final order adopting AJ2's decision.

In requesting reconsideration, Complainant submits a 66-page brief for our consideration, including attachments totaling hundreds of pages. She largely reiterates the same arguments that were previously considered and addressed in detail in our prior decision. We emphasize that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110) (Aug. 5, 2015), at 9-18; see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency.  Complainant has not done so here.

After reviewing the previous decision and the entire record, we find that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is our decision to deny the request. The decision in EEOC Appeal No. 2023001109 remains our decision. There is no further right of administrative appeal.

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

5                                          2023003573

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

November 13, 2023
Date

EXHIBIT 2



**U.S. Equal Employment Opportunity Commission**
Office of Federal Operations
P. O. Box 77960
Washington, D.C. 20013

June 11, 2022

Jennifer █ Yeh



USA

Dear Jennifer Yeh:

Thank you for filing an appeal with the EEOC Office of Federal Operations (OFO). We have received your June 11, 2022 appeal against the Department of Homeland Security - DHS Federal Emergency Management Agency. The routing number associated with your appeal is: 2022003410. Please reference this routing number whenever you submit documents or correspond with OFO in the future.

**Next Steps**

1. You may submit a statement in support of your appeal, if you have not already done so (this step is optional). If you need guidance on preparing a brief, including time requirements and suggestions for organizing, formatting, and writing the brief, we urge you to read OFO's Guide to Appeal Brief Writing for Unrepresented Complainants before the EEOC Office of Federal Operations, found at https://publicportal.eeoc.gov/Portal/Faq.aspx.

   Generally, you may submit a supporting statement by July 11, 2022. But there is an exception: if you asked us to review a decision by the U.S. Merit Systems Protection Board (MSPB), you needed to submit your supporting statement at the same time you requested us to review the MSPB's decision.

   The most popular ways to send a statement in support of an appeal (except a petition to review a MSPB decision) are:

   - EEOC Public Portal. You can log in to the EEOC Public Portal, select the appeal with the appropriate routing number, and electronically submit your statement. The EEOC Public Portal will then automatically serve your supporting statement to the agency.

   - Mail. You can mail your statement to: Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, D.C. 20013. We will use the postmarked date as the filing date for your statement. If you mail us your supporting statement, you must also mail and serve the Agency with a copy of your statement.

   If you need more time to send us your statement, you can ask for more time by logging in to the EEOC Public Portal and electronically submit a request for an extension. Your extension request must be electronically submitted before July 11, 2022. In your request, you should describe why you need more time. You can also ask for more time by emailing ofo.extensions@eeoc.gov. Again, your email request must be sent before July 11, 2022.

RE: EEOC Appeal No. 2022003410                                                2

2. The Agency may submit a statement in opposition to your appeal (this step is optional).

The Agency has the option of submitting a statement in opposition to your appeal. If the Agency decides to send a statement, it must do so within 30 days from the day the Agency received your statement in support of your appeal, or if you did not file a brief, within 60 days of the agency's notice of your appeal. Using your EEOC Public Portal account, you will be able to log in and see the Agency's statement in opposition to your appeal.

3. The Agency will upload the Report of Investigation, case file, and hearing record (if a hearing was held) to OFO.  This documentation will also be available for you to see using your EEOC Public Portal account.

4. Your appeal will be assigned to an OFO attorney to review and draft a decision.

5. The EEOC Office of Federal Operations will send you a decision on your appeal.

OFO will send you the appellate decision by first class mail. After mailing the decision, OFO will upload a copy of that decision to the EEOC Public Portal for you to view. To preserve your anonymity, our decision will have a random pseudonym (fictitious name) listed in the caption under your real name. The published decision will only use the pseudonym — not your real name. But if you prefer that OFO publish the decision under your real name, you may notify OFO via the EEOC Public Portal.

**Things to do while you wait for a decision**

1. Please update OFO on changes to your contact information.

If you change your contact information, such as your name or mailing address, please log in to the EEOC Public Portal to update OFO on your changes, so we can ensure that you will receive our appellate decision.

2. Please let OFO know if you choose to opt out of the administrative appellate process by filing a civil action.

Generally, for most types of pending appeals, you can opt out of the administrative appellate process and file a lawsuit in court, if OFO does not issue an appellate decision within 180 days from the day you filed your appeal. Because filing a civil action terminates EEOC processing of your appeal, please let us know when you do file a civil action so we can administratively close your appeal. You can let us know by logging in to the EEOC Public Portal and uploading a document, saying that you have filed a lawsuit in court and wish to opt out of the federal sector administrative process. You will then receive a confirmation letter that your administrative appeal is closed.

RE: EEOC Appeal No. 2022003410                                                      3

**Helpful Resources**

- EEOC Management Directive 110, Chapters 9 and 10:
  https://www.eeoc.gov/federal/directives/md110.cfm.
- The Commission's appellate regulations are found in Title 29 of the Code
  of Federal Regulations at Part 1614, or on the web at
  https://www.gpo.gov/fdsys/pkg/CFR-2014-title29-vol4/xml/CFR-2014-title29-
  vol4-part1614.xml. We urge you to review these regulations.

If you have questions about the processing of your appeal, please call the
EEOC Call Center at 1-800-669-4000, or write OFO's Officer of the Day at
ofo.eeoc@eeoc.gov.

                            Sincerely,

                            Compliance and Control Division
                            Office of Federal Operations



**U.S. Equal Employment Opportunity Commission**
Office of Federal Operations
P. O. Box 77960
Washington, D.C.  20013

June 13, 2022

Jennifer ██ Yeh
██████████████
███████████ ████
USA

Dear Jennifer Yeh:

This is to advise you that on June     07, 2022, after electing not to
implement the decision issued by an EEOC Administrative Judge in the matter
of Jennifer H Yeh v. Department of Homeland Security - DHS Federal Emergency
Management Agency, Agency No FEMA-02652-2018 (EEOC Hearing No. ), the agency
filed an appeal with the EEOC's Office of Federal Operations (OFO). OFO
docketed the agency's appeal under EEOC Appeal No. 2022003410 on June 13,
2022.  Please refer to that Appeal No. on all correspondence to the
Commission regarding this matter.

You may file a statement or brief in opposition to the agency's appeal within
30 days of receipt of any agency statement or brief supporting its appeal.
If the agency does not file a statement or brief supporting its appeal, you
must file any statement or brief in opposition to the appeal within 60 days
of your notice of the appeal. If you need guidance on preparing a brief,
including time requirements and suggestions for organizing, formatting, and
writing the brief, we urge you to read OFO's Guide to Appeal Brief Writing
for Unrepresented Complainants before the EEOC Office of Federal Operations,
found at https://publicportal.eeoc.gov/Portal/Faq.aspx.

Submit your statement or brief by mail to **Equal Employment Opportunity
Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC
20013**. We will use the postmarked date as the filing date for your statement
or brief.  The Commission also accepts statements or briefs of ten (10) pages
or less by fax at (202) 663-7022.  Regardless of how you submit your
statement or brief to the Commission, **you must also serve the agency with a
copy.**

Please note that the Commission's regulations only provide for the submission
statements or briefs by the parties as described above. Accordingly, we will
likely not consider statements or briefs submitted after 20 days from the
notice of the agency's request in our adjudication of this request.  See 29
C.F.R. § 1614.403(d).

If you need more time to send us your statement, you can ask for more time by
emailing ofo.extensions@eeoc.gov within the time periods described above and
describing why you need more time.  You must include justification for your
request for an extension.

The Commission's appellate regulations are found in Title 29 of the Code of
Federal Regulations at Part 1614.  We urge you to review these regulations at
29 C.F.R. Part 1614.

Please remember, **it is your responsibility to send to the agency a copy of
all material you submit to this office.**  You are also responsible for
providing the Commission with notice of any change of address, as well as

notice if you choose to file a civil action, in accordance with Section 409
of the EEOC's regulations governing the federal sector EEO process.

RE: EEOC Appeal No. 2022003410                                                    3

We will send our decision on the agency's request for reconsideration to the parties by first class mail. To ensure anonymity, the decision you receive will have a random pseudonym (fictitious name) listed in the caption under the complainant's real name.  **The published decision will use ONLY the pseudonym, unless we receive a signed request from the complainant asking us to use the real name.**

If you have questions regarding the processing of the appeal, please call the EEOC Call Center at 1-800-669-4000.

                         Sincerely,

                         Compliance and Control Division
                         Office of Federal Operations