United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER YEH,

Plaintiff,

v.

ALEJANDRO MAYORKAS, et al.,

Defendants.

Case No. 24-cv-00797-KAW

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; MOTION TO FILE UNDER SEAL**

Re: Dkt. Nos. 119, 120

On April 22, 2024, the Court denied Plaintiff's motion for leave to proceed under a fictitious name, finding that Plaintiff had "not made a showing of the severity of harm that she may suffer from the disclosure of her identity nor that her fear is reasonable." (Order, Dkt. No. 15.) On October 27, 2026 -- more than two years of litigation later -- Plaintiff filed this motion for leave to file a motion for reconsideration of the April 22, 2024 order. (Pl.'s Mot. for Leave, Dkt. No. 119.) Plaintiff also filed a motion to seal certain materials. (Mot. to Seal, Dkt. No. 120.) On November 2, 2026, Defendants filed an opposition. (Dkt. No. 121.)

The Court DENIES the motion for leave. Plaintiff's motion is premised on Plaintiff having become a participant in California's Safe at Home Address Program. (Pl.'s Mot. for Leave at 2.) Per California Government Code § 6209.7, participation in this program creates a rebuttable presumption that disclosure of information about the participant's location and activities would lead to the discovery of the participant's actual address, endanger their safety, and is not authorized. Plaintiff also points to recent attempts by Plaintiff's former coworker at FEMA to view her restricted social media profile, as well as the receipt of unwanted mail at the litigation address she gave for this case. (Pl.'s Mot. for Leave at 4.) Plaintiff asserts that these are material changes in fact and law that warrant a motion for leave to file a motion for reconsideration.

The Court disagrees. Foremost, Plaintiff's address has not been revealed in this case. Rather, the parties already agreed to redact Plaintiff's contact information, except for the contact information Plaintiff gave specifically for this case (such as the mailbox rental at which Plaintiff may receive physical materials) . (Dkt. No. 71.) While Plaintiff complains that she has received unwanted mail at the litigation address she provided, there is nothing to suggest that Plaintiff's actual home address or location information has been revealed through this case. In short, the information protected by the California's Safe at Home Address Program is not at issue here.

Further, as a practical matter, Plaintiff has been litigating this case for over two years using her actual name. More than one hundred entries -- including orders now on legal databases -- have been filed on the public docket, all containing Plaintiff's name. News articles have been written using Plaintiff's name. While the Court does not mean to minimize Plaintiff's concerns, Plaintiff fails to explain what the purpose of anonymity will be at this point. Plaintiff notes that a former colleague has attempted to access her private social media, but this does not demonstrate a need for anonymity because her colleague presumably already knew who Plaintiff is, having worked with her and allegedly been confronted by Plaintiff regarding racist remarks. (Third Amend. Compl. ¶ 23, Dkt. No. 97.)

To the extent Plaintiff is concerned that having added the United States as a defendant means that every single federal employee now has access to her actual contact information, Plaintiff has made no such showing. The parties may, of course, enter into a more narrowed protective order, which limits the dissemination of Plaintiff's actual contact information to attorneys only. That said, Plaintiff has not made any showing to suggest that her actual contact information has been revealed in this litigation.

But again, as the Court previously noted, "[t]he people Plaintiff seems afraid of are the individual defendants as opposed to the public at large, so proceeding anonymous[ly] won't prevent any risk of harm from those defendants." (Order at 3.) Moreover, the Court observes that should this case proceed to discovery, Defendants will need to reveal Plaintiff's name to non-Defendant witnesses, including Plaintiff's former colleagues. Otherwise, Defendants will not be able to gather the evidence they require to defend against this case or to respond to Plaintiff's

United States District Court
Northern District of California

discovery requests.

Accordingly, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration. Further, having reviewed the motion to file under seal, the Court finds that the materials do not contain any private information, but consist of general information. Thus, the Court also DENIES Plaintiff's motion to file under seal.

IT IS SO ORDERED.

Dated: November 5, 2026

KANDIS A. WESTMORE
United States Magistrate Judge